**UNITED STATES of America,**
**Appellee,**

v.

**Oscar Edwardo TELLO–ORDONEZ,**
**Defendant–Appellant.**

**No. 05–6850–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 16, 2007.

Mary K. Barr, Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Susan Corkery, on the brief), Brooklyn, N.Y., for Appellee.

John A. Cirando, D.J. & J.A. Cirando, Esqs., Syracuse, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Oscar Edwardo Tello–Ordonez, who pled guilty in the United States District Court for the Eastern District of New York (Townes, *J.*) to illegally reentering the United States after being deported following his conviction for an aggravated felony, appeals his sentence of fifty-seven months in prison to run consecutively to the sentence he is currently serving in state prison on drug charges. We assume the parties' familiarity with the facts and procedural history of the case.

Tello–Ordonez contends both that his sentence is unreasonably long and that it should run concurrently with the undischarged term of his state imprisonment. To the extent he complains of procedural unreasonableness because the district court failed to give sufficient weight under 18 U.S.C. § 3553(a)(1) to his poor health and family circumstances, his argument is foreclosed by our decisions in *United States v. Fernandez*, 443 F.3d 19, 30, 32 (2d Cir.2006), and *United States v. Florez*, 447 F.3d 145, 157–58 (2d Cir.2006).

Appellant contends that the district court erred by taking into account his failure to file income tax returns, despite the fact that Appellant was never charged with this offense. This argument, too, is without merit. *See Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2465–66, 168 L.Ed.2d 203 (2007); *United States v. Garcia*, 413 F.3d 201, 220 n. 15 (2d Cir.2005).

Appellant next contends that his federal sentence should run concurrently with his state sentence because the state drug offense was "relevant conduct" to the federal offense. However, Appellant's only argument for why they are related is that he would not have been caught for the latter had he not already been serving jail time for the former. This is not what the Sentencing Guidelines mean by "relevant conduct." U.S.S.G. § 5G1.3(b). It was thus

within the sentencing judge's discretion to determine whether the sentences should run concurrently or consecutively, 18 U.S.C. § 3584, and nothing in the record suggests that the court below abused that discretion.

To the extent Appellant challenges his sentence as substantively unreasonable, we have made plain that "we anticipate encountering such circumstances infrequently." *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005). This is not one of those rare cases.

Accordingly, the judgment of the district court is AFFIRMED.